Filed 7/29/14  P. v. Deville CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK DEVILLE,<br><br>    Defendant and Appellant. | B251839<br><br>(Los Angeles County<br>Super. Ct. No. MA050416) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bernie LaForteza.  Affirmed as modified; remanded with directions.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is the second time this case has been before this court since a jury found Patrick Deville guilty of forcible rape, unlawful sexual intercourse with a minor, oral copulation of a minor, administering a controlled substance to a minor and administering a controlled substance. In December 2011, after finding prior conviction allegations to be true, the trial court sentenced Deville to 85 years to life in prison.

In the first appeal (No. B238053), this court reversed Deville's conviction for administering a controlled substance because it is a lesser included offense of administering a controlled substance to a minor. We also vacated Deville's sentence and remanded the matter for a new sentencing hearing, after striking certain enhancements and finding the trial court misunderstood the scope of its discretion to impose concurrent terms on count 1 for forcible rape and count 2 for administering a controlled substance to a minor. (*People v. Deville* (May 16, 2013, B238053) [nonpub. opn.].)

In the present appeal, Deville contends the trial court erred in imposing consecutive terms on counts 1 and 2 at the resentencing hearing. He argues it was impermissible for the court to base the consecutive terms on its own factual findings the offenses involved separate objectives. He asserts a jury must make such factual findings. We reject this contention under United States and California Supreme Court authority set forth below.

Deville also contends, and the Attorney General concedes, the trial court erred in failing to recalculate his presentence custody credits as of the date of the resentencing hearing. We agree, and remand the matter for correction of this error as well as other errors in the abstract of judgment specified below.

## BACKGROUND

In the prior appeal, we struck prior serious felony enhancements under Penal Code section 667, subdivision (a)(1),[1] imposed on count 2 for administering a controlled substance to a minor. We also struck a prior sex offense enhancement under section 667.6, subdivision (a), imposed on count 1 for forcible rape. We ordered the sentence

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

2

imposed on count 4 for unlawful sexual intercourse with a minor stayed under section 654. We vacated Deville's sentence and remanded the matter for resentencing due to our finding the trial court misunderstood the scope of its discretion to impose concurrent terms on counts 1 and 2. We expressed no opinion on whether the court should impose concurrent or consecutive terms on counts 1 and 2 in the exercise of its discretion. (*People v. Deville*, *supra*, B238053, pp. 14, 15.)

On October 10, 2013, the trial court held the resentencing hearing. The court exercised its discretion in deciding to impose consecutive terms on count 1 for forcible rape and count 2 for administering a controlled substance to a minor. The court found "[t]he crime and their objectives were predominantly independent of each other." (Cal. Rules of Court, rule 4.425(a)(1) [criteria affecting concurrent or consecutive sentences].) The court noted the evidence showed Deville asked the minor victim if she wanted to inject methamphetamine and she responded affirmatively. Deville then assisted her in inserting the needle into her arm and injecting the drugs. He did not force her to take the methamphetamine. Thereafter, however, he forcibly raped her.[2]

The trial court resentenced Deville to 65 years to life in prison. On count 1 for forcible rape (§ 261, subd. (a)(2)), the court imposed a term of 40 years to life: 25 years to life for the offense under the "Three Strikes" law, plus a consecutive term of 15 years for the three prior serious felonies under section 667, subdivision (a)(1).[3] The court also imposed, but stayed three one-year prior prison term enhancements under section 667.5,

---

[2] As the parties point out in their briefing, a recitation of the evidence presented at trial is not necessary for our resolution of the issues on appeal. To provide context for the trial court's finding, however, we explain the 16-year-old victim met 50-year-old Deville at a park. Before agreeing to inject methamphetamine, the victim talked to Deville for two hours about problems she was experiencing as a foster child in the foster care system. (*People v. Deville*, *supra*, B238053, pp. 2-3.)

[3] In the prior appeal, we did not strike the prior serious felony enhancements as to count 1, only as to count 2.

subdivision (b).[4] On count 2 for administering a controlled substance to a minor (Health & Saf. Code, § 11380),[5] the court imposed a consecutive term of 25 years to life. On count 4 for unlawful sexual intercourse with a minor (§ 261.5, subd. (c)), the court imposed a term of 25 years to life, but stayed it under section 654. On count 5 for oral copulation of a minor (§ 288a, subd. (b)(1)), the court imposed a concurrent term of 25 years to life.

## DISCUSSION

**Consecutive Sentencing on Counts 1 and 2**

Deville contends the trial court erred in imposing consecutive terms on counts 1 and 2 at the resentencing hearing, arguing it was impermissible for the court to base the consecutive terms on its own factual findings the offenses involved separate objectives. He asserts a jury must make such factual findings under the United States Supreme Court's rationale in *Apprendi v. New Jersey* (2000) 530 U.S. 466. He does not challenge the sufficiency of the evidence supporting the court's findings.

As Deville acknowledges, in *Oregon v. Ice* (2009) 555 U.S. 160, 163-164, the United States Supreme Court held the Sixth Amendment does not require jury determination of facts supporting the imposition of consecutive rather than concurrent sentences for multiple offenses. It is permissible for judges to make these factual findings. (*In re Coley* (2012) 55 Cal.4th 524, 557, fn. 18 [in *Oregon v. Ice*, *supra*, 555 U.S. 160 "the high court held the *Apprendi* line of decisions does not apply to factual

---

[4] As Deville has pointed out, the October 15, 2013 abstract of judgment, does not reflect the trial court stayed the three prior prison term enhancements. We direct the trial court to correct this error.

[5] In the prior appeal, we directed the trial court to correct the abstract of judgment to reflect that the conviction for administering a controlled substance to a minor (count 2) is a violation of Health and Safety Code section 11380 (not a violation of Health & Saf. Code, § 11353 as listed in the original abstract of judgment). (*People v. Deville*, *supra*, B238053, p. 4, fn. 2 & p. 15.) As the parties have pointed out, the court did not correct the error and it appears in the October 15, 2013 abstract of judgment. We again direct the court to correct this error in the abstract of judgment.

findings that bear on the question whether multiple sentences are to be imposed consecutively or concurrently"]; *People v. DeHoyos* (2013) 57 Cal.4th 79, 152, fn. 20 [same].)

Deville asks this court to register its disagreement with the United States Supreme Court's decision in *Oregon v. Ice*, *supra*, 555 U.S. 160. We decline to do so.

**Presentence Custody Credits**

Deville contends, and the Attorney General concedes, the trial court erred in failing to recalculate his presentence custody credits as of the date of his resentencing hearing. The October 15, 2013 abstract of judgment, reflects an award of presentence custody credits based on the number of days Deville had spent in custody as of December 20, 2011, the date of the initial sentencing hearing. On remand, to the extent it has not done so already, we direct the trial court to recalculate Deville's presentence custody credits to reflect the total number of actual days Deville had spent in custody as of October 10, 2013, the date of his resentencing hearing.[6] (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41 ["the trial court, having modified defendant's sentence, should have determined all actual days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment"].)

## DISPOSITION

The matter is remanded for the trial court (1) to correct the abstract of judgment to reflect the three prior prison term enhancements under section 667.5, subdivision (b), imposed on count 1 are stayed, (2) to correct the abstract of judgment to reflect that the conviction for administering a controlled substance to a minor (count 2) is a violation of Health and Safety Code section 11380 (not a violation of Health & Saf. Code, § 11353), and (2) to recalculate Deville's presentence custody credits to reflect the total number of actual days Deville had spent in custody as of October 10, 2013, the date of his

---

[6] On or about January 23, 2014, Deville filed in the trial court a motion for correction of his presentence custody credits. At the time he submitted his briefing in this appeal, he represented the trial court had not made the correction.

resentencing hearing.  In all other respects, the judgment is affirmed.  The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


MILLER, J.*

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.